IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY A. CARTER, #435986**                                                           **PLAINTIFF**

**v.**                      **CIVIL ACTION NO. 1:20-cv-362-TBM-RPM**

**HARRISON COUNTY ADULT
DETENTION CENTER, ET AL.**                                              **DEFENDANTS**

### ORDER

BEFORE the Court is *pro se* Plaintiff Anthony A. Carter's Motion [5] for a preliminary injunction.[1] Having fully considered the Motion and applicable law, the Court finds that Carter's Motion should be denied as moot.

Carter, an inmate of the Mississippi Department of Corrections, brings this Complaint pursuant to 42 U.S.C. § 1983, complaining about the conditions of his confinement at the Harrison County Adult Detention Center ("HCADC"). In Carter's Motion for a preliminary injunction, he is requesting a transfer out of the HCADC because he is subject to unconstitutional conditions and fears for his life. [5] at 1. On January 25, 2021, Plaintiff filed a Notice [8] of change of address, stating that he was moved from the HCADC in Gulfport, Mississippi, to the Central Mississippi Correctional Facility in Pearl, Mississippi. Plaintiff's most recent Notice [12] of change of address reflects that he is incarcerated at the Jefferson-Franklin County Regional Correctional Facility in Fayette, Mississippi.

In order to receive a preliminary injunction, Plaintiff must demonstrate four requirements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the the injunction might cause the defendant[s]; and (4) that the injunction will not disserve the public interest.

*Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998). A preliminary injunction "should not be granted unless

---

[1] Carter is proceeding *in forma pauperis* in this case. *See* Order [7].

the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted). Furthermore, the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. *See Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citation omitted).

Carter's transfer from the HCADC–where the alleged violations occurred–to a different correctional facility renders his request for injunctive relief moot. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (per curiam) (holding that prisoner transferred out of offending institution renders injunctive relief moot); *Tuft v. Texas*, 410 F. App'x 770, 778 (5th Cir. 2011) (same); *Hale v. Harrison Cty. Bd. of Sup'rs*, No. 1:14-cv-61-LG 2015 WL 778801, *2–3 (S.D. Miss. Feb. 24, 2015) (holding transfer out of HCADC to a different prison facility renders claims for injunctive relief based upon conditions at HCADC moot). Since Carter is no longer incarcerated at the HCADC, this Court is unable to provide the injunctive relief he seeks. The Court further finds that "any suggestion of relief based on the possibility of transfer back to the [HCADC] is too speculative to warrant relief." *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987)). However, if Carter is housed at the HCADC in the future and subjected to actions he believes entitle him to a preliminary injunction, he may move at that time for injunctive relief. The currently pending motion will be denied without a hearing. Accordingly, it is hereby,

ORDERED that pro se Plaintiff Anthony A. Carter's Motion [5] for a preliminary injunction is DENIED.

THIS, the 8th day of April, 2021.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE